Lutfieva v Services for the Aged, Inc. (2025 NY Slip Op 06390)

Lutfieva v Services for the Aged, Inc.

2025 NY Slip Op 06390

Decided on November 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 20, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Hagler, JJ. 

Index No. 161213/23|Appeal No. 5210|Case No. 2025-01508|

[*1]Gulchekhra Lutfieva, etc., et al., Plaintiffs-Respondents,
v
Services for the Aged, Inc. Doing Business as JASACARE, etc., et al., Defendants-Appellants.

Hogan Lovells US LLP, New York (Kenneth Kirschner of counsel), for appellants.
Virginia & Ambinder, LLP, New York (LaDonna Lusher of counsel), for respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about February 24, 2025, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss this Labor Law action, unanimously affirmed, with costs.
Plaintiffs, a group of home health aides employed by defendants, allege, among other things, that defendants failed to pay the minimum wage, overtime pay, and spread-of-hours pay in violation of Labor Law §§ 663 and 650 et. seq. and 12 NYCRR § 142-2.4. Defendants' documentary evidence, consisting of their certifications electing to pay the statutory minimum rate in lieu of minimum wage orders pursuant to Labor Law § 652, was submitted in support of their position that they are a non-profitmaking institution under Labor Law § 652(3) and thus exempt from the wage orders under Labor Law § 652(3)(b).
Even if the certifications were sufficient to show that defendants are a non-profitmaking institution exempt from the wage orders under Labor Law § 652(3)(b), Supreme Court correctly determined that this exemption is also contingent on defendants first showing that they "pa[id] and continue[d] to pay" plaintiffs the statutory minimum wage (see Smellie v Mount Sinai Hosp. , 2004 WL 2725124, *2, 2004 US Dist LEXIS 24006, *6 [SD NY, Nov. 29, 2004, No. 03 Civ. 0805 (LTS)(DFE)]); see also Dziura v Human Dev. Assn., Inc. , 2024 NY Slip Op 31234[U] at *3 [Sup Ct, NY County 2024]). Plaintiffs allege that defendants paid them for only 13 hours of work when they worked 24-hour shifts, which effectively reduced their hourly rate to an amount well below New York's statutory minimum wage for the period 2019 to 2021. Defendants failed to submit evidence disputing these allegations.
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 20, 2025